**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **OSMAN JAMA,**<br>**Petitioner,**<br><br>**v.**<br><br>**TODD BLANCHE**, *et al.*,<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01911-DB** |

**ORDER**

On this day, the Court considered the above-captioned case. On July 24, 2026, the Court issued an "Order," ECF No. 7, granting in part Petitioner Osman Jama's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, By a Person Subject to Indefinite Immigration Detention," ECF No. 3, filed *pro se* on July 16, 2026. On July 28, 2026, Petitioner was provided a bond hearing before immigration judge Stephen Rule who ordered Petitioner released from custody under a bond of $1,500. ECF No. 11-1 at 1–2. On August 4, 2026, Respondents filed an "Advisory to the Court," ECF No. 12, advising the Court they were unable to confer with Petitioner regarding outstanding issues because Petitioner was recently admitted to an El Paso medical facility. Because Respondents could not confer with Petitioner, and it appeared no live issues remained, the Court entered its final judgment and ordered the case closed. *See* ECF No. 13.

One week later, on August 17, 2026, Petitioner filed a letter addressed to this Court. *See* ECF No. 15. Therein, Petitioner states the following:

> I'm writing this letter on my behalf[.] Honorable judge DAVID BRIONES I'm writing this letter because I received a letter from the mail On AUGUST 11, 2026, that says I was received a bond hearing before an immigration judge on July 28, 2026, in compliance with the court's order, and was granted a bond in the amount of 1500$, I would like to confirm to the Court that I have ability to paid this amount, and I'm also ready to paid.

ECF No. 15 at 1. The Court construes Petitioner's letter as a motion to re-open the case and finds good cause to grant the motion. Given Petitioner's assertions, it appears there are in fact issues remaining before the Court may close the case. Based on his letter, it appears Petitioner is under the impression that he must pay the bond he was granted in this federal court. However, this Court is not the appropriate court for Petitioner to post his bond. On August 19, 2026, the Court conferred with Respondents' counsel via email, and counsel advised Petitioner remains in custody at the El Paso Services Processing Center, and Petitioner has not attempted to post bond as of yet.[1] Given Petitioner is *pro se*, this Court will order that Respondents ensure Petitioner has the necessary information on the process to post bond upon being granted relief by an immigration judge.

Accordingly, **IT IS HEREBY ORDERED** Petitioner's letter, ECF No. 15, is **CONSTRUED** as a motion to re-open the above-captioned case.

**IT IS FURTHER ORDERED** Petitioner's motion to re-open, ECF No. 15, is **GRANTED**.

**IT IS FURTHER ORDERED** the "Final Judgment," ECF No. 13, entered in this case on August 10, 2026, is **VACATED.**

[1] Respondents also offered an update regarding the posture of Petitioner's removal proceedings including that "[o]n August 13, 2026, Petitioner's applications for relief from removal were denied, and Petitioner was ordered removed from the United States. Petitioner reserved appeal and his deadline to file an appeal is September 11." Email to the Court from Assistant United States Attorney Fidel Esparza on August 18, 2026. However, given that Petitioner's order is not yet administratively final such that it would change Respondents' detention authority from Section 1225(b) to Section 1231, these updates should have no effect on Petitioner's ability to pay the bond he was granted on July 28, 2026.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner (1) a printed copy of the necessary information regarding the process to post bond upon being granted relief by an immigration judge and (2) a printed copy of this order **no later than August 21, 2026.**

**IT IS FINALLY ORDERED** parties **SHALL CONFER** and file an advisory confirming compliance with the preceding order, and whether any issues remain to be decided **no later than August 26, 2026**.

**SIGNED** this **19th** day of **August 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**